UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

SPRINGFIELD DIVISION

| | |
|---|---|
| SBH1, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>OFF-BEAT RECORDS, INC. and BARRY G. CLARK,<br><br>      Defendants. | Civil Action No. |

**COMPLAINT AND JURY DEMAND**

Plaintiff SBH1, LLC hereby brings this action against Defendants Off-Beat Records Inc. ("Off-Beat") and Barry G. Clark ("Clark") for Fraud In the Inducement (Count I), Fraud and Misrepresentation (Count II), Violation of G.L. Chapter 93A § 11 (Count III), Veil Piercing (Count IV), Money Had and Received (Count V), Breach of Contract (Count VI) and Quantum Meruit (Count VII).

**PARTIES**

1.    SBH1 is a Florida Limited Liability Company with a principal place of business at 11010 Legacy Drive, Suite 304, Palm Beach Gardens, Florida, 33410.

2.    Off-Beat is a Massachusetts corporation with a principal place of business at 169 Cooley Drive, Longmeadow, Massachusetts 01106.

3.    Clark is an individual, who upon information and belief, resides at 169 Cooley Drive, Longmeadow, Massachusetts 01106.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. SECTION 1332(a), this Court has jurisdiction over these claims because of the parties' diversity of citizenship at the time of filing, and because the amount in controversy exceeds $75,000, exclusive of any interest, punitive damages, attorneys' fees, or other litigation costs.

5. Venue is proper in this district under 38 U.S.C. SECTION 1391(b)(1), as Defendants are located in Longmeadow, Massachusetts.

## FACTS COMMON TO ALL COUNTS

6. SBH1 is a surplus inventory buyer, wholesaler, and broker.

7. On or around October 9, 2023, Off-Beat offered to sell **2,635 "Seaich" mountain bicycles** ("Bicycles") to SBH1.

8. As part of the offer, Off-Beat provided photographs, SKUs and UPC codes along with a description of the Bicycles. See Exhibit 1, attached hereto.

9. During this time, Off-Beat and Clark represented to SBH1 that Off-Beat had purchased the Bicycles through a bankruptcy proceeding and was now the owner of the Bicycles.

10. SBH1 communicated to Off-Beat that SBH1's customer needed to inspect the samples before proceeding.

11. Off-Beat agreed to ship the samples, but only upon issuance of a SBH1 Purchase Order and a $10,000 deposit.

12. On or around October 18, 2023, SBH1 issued the Purchase Order, *which was made conditional on approval of the samples*. See Exhibit 2, attached hereto.

13. The Purchase Order was for 2,635 adult "Seaich" bicycles for $52.50 each, totaling $138,337.50. Id.

14. On or around October 20, 2023, SBH1's customer wired a $10,000 deposit to secure the samples.

15. Also, on or around October 20, 2023, and before the samples were even shipped, Off-Beat sent an email to SBH1 stating that if it received the balance that day, SBH1's buyer could "arrange to start picking up the goods as soon as Monday…" (meaning October 23, 2023). This representation further led SBH1 to reasonably believe that Off-Beat owned and had control of the Bicycles. SBH1 informed Off-Beat that the balance would not be wired until its customer inspected the samples.

16. The samples were received in a timely fashion. SBH1's customer inspected the samples and approved them. Again, SBH1 sought assurances from Off-Beat that Off-Beat owned the Bicycles. Off-Beat, through Clark, represented that Off-Beat owned the Bicycles.

17. Given these assurances, SBH1 went forward with the purchase, and the balance of $128,337.50 was wired to Off-Beat.

18. SBH1, upon full payment, requested from Off-Beat the warehouse address and contact person so that arrangements for pick up by freight could be scheduled. In accordance with the Purchase Order, the Bicycles were to be picked within 45 days after full payment was made. Id. The Purchase Order also provided that Off-Beat would "load buyer trucks as they are scheduled." Id. Thus, there had to be coordination between SBH1 and Off-Beat to arrange for pick up.

19. Off-Beat gave SBH1 the address of the warehouse where the Bicycles were being stored. The address provided was 3850 Royal Ave., Suite B, Simi Valley, CA 93065, Frontline Freight And Fulfillment.

20. SBH1, by email and phone, repeatedly inquired about when SBH1 could schedule the pickup of the Bicycles. Off-Beat, through Clark, responded that the warehouse "was busy,"

and that Off-Beat would get back to SBH1. These excuses went on for weeks and weeks.

21. Given the constant and repeated retort that the "warehouse was busy," it started to become apparent to SBH1 that Off-Beat and Clark may have engaged in a swindle to deprive SBH1 of the wired funds.

22. Thus, in January of 2024, SBH1 called the warehouse directly. SBH1 spoke with the warehouse owner, and the owner stated he could not release the Bicycles because Off-Beat did not, in fact, own the Bicycles.

23. Shocked, SBH1 asked the owner of the warehouse who did, in fact, own the Bicycles. SBH1 was told that Ariel Goldenstein owned the Bicycles.

24. SBH1 immediately called Ariel Goldenstein. Mr. Goldenstein informed SBH1 that Off-Beat had not, in fact, purchased the 2,635 Seaich adult bicycles. He also informed SBH1 that Off-Beat had instead purchased 8,000 children's bicycles.

25. Shocked again, SBH1 immediately called Clark. Clark admitted to using the monies it received to buy the 8,000 children's bicycles.

26. SBH1 demanded an immediate refund of all monies paid to Off-Beat.

27. Off-Beat acknowledged that it owed SBH1 a refund. For example, on or around January 18, 2024, SBH1 sent an email to Off-Beat requesting written confirmation that SBH1 would receive a full refund, and SBH1 included the bank account information for the wire. On or around January 19, 2024, Off-Beat emailed SBH1 "as confirmation of [the] conversation and agreement," and stated it would take "several days to get the full amount of funds to [SBH1]." See Exhibit 3, attached hereto.

28. When SBH1 did not receive the refund as promised, SBH1 continued to contact Off-Beat. SBH1 tried to negotiate a resolution, but Off-Beat has refused all overtures.

29. SBH1 has had to make its client whole and has suffered significant losses as a

result, including without limitation, damage to its business and lost profits of no less than $132,064. This is in addition to the $138,337.50 Off-Beat essentially stole.

## COUNT I
## FRAUD IN THE INDUCEMENT

30. SBH1 incorporates herein the foregoing allegations as if fully set forward herein.

31. Off-Beat and Clark intentionally misrepresented facts and misled SBH1 in an effort to induce SBH1 to place an order for 2,635 Seaich bicycles and wire $138,337.50.

32. Beginning on or around October 9, 2023, and prior to the Purchase Order, Off-Beat and Clark misrepresented that it owned the Seaich bicycles and currently had control over the inventory.

33. This representation was knowingly false.

34. Off-Beat did not own the Bicycles, nor did it have control over the inventory.

35. SBH1 issued the Purchase Order in reliance upon Off-Beat's and Clark's representations, which were knowingly false.

36. SBH1 reasonably and justifiably relied to its detriment on these misrepresentations and was damaged by the conduct of Off-Beat and Clark.

37. SBH1 has suffered damages as a result of Off-Beat's and Clark's misrepresentations and actions.

## COUNT II
## FRAUD AND MISREPRESENTATION

38. SBH1 incorporates herein the foregoing allegations as if fully set forward herein.

39. From November of 2023 to January of 2024, through emails, texts and voice calls, Off-Beat and Clark made false representations of a matter of material fact.

40. Specifically, Off-Beat and Clark represented that Off-Beat owned the Bicycles and therefore would be able to direct the warehouse to release them to Off-Beat. Off-Beat and

Clark also represented that the only reason the Bicycles could not be picked up was because the warehouse "was busy."

41.   Off-Beat and Clark knew these representations were false.

42.   Off-Beat and Clark made these representations for the purpose of inducing SBH1 to act thereon.

43.   SBH1 relied upon these representations as true, acted upon them to its detriment, and has been caused damage thereby.

## COUNT III
## VIOLATION OF G.L. CHAPTER 93A § 11

44.   SBH1 incorporates herein the foregoing allegations as if fully set forward herein.

45.   Off-Beat and Clark engaged in a swindle to steal SBH1's money.

46.   Off-Beat represented to SBH1 that it owned 2,635 Seaich bicycles and that it was prepared to sell and provide the Bicycles for pickup.

47.   These representations were knowingly false.

48.   Off-Beat and Clark made excuses to string SBH1 along, including that the warehouse "was busy," when all along it could not direct the warehouse to release the Bicycles because it did not own them. The excuses that the warehouse "was busy" were pretextual.

49.   Off-Beat has wrongfully retained the $138,337.50 and used the monies for its own benefit. Upon information and belief, Off-Beat used the monies to buy other goods and sold those goods, thus making a profit on the monies SBH1 provided.

50.    SBH1 requested a refund on numerous occasions, and Off-Beat promised to refund SBH1.

51.   Despite its promises, Off-Beat has not returned any of the monies it received from SBH1.

52. Off-Beat's and Clark's acts and omissions, as set forth above, constitute unfair and/or deceptive acts or practices violative of M.G.L. c. 93A, §§ 2 and 11.

53. Off-Beat's and Clark's actions were undertaken in trade or commerce and occurred primarily and substantially in Massachusetts.

54. Off-Beat's and Clark's unfair and/or deceptive acts and practices constitute knowing, willful, and bad faith violations of M.G.L. c. 93A §§ 2 and 11.

55. As a result of the acts and practices described above, each of which was committed knowingly and willfully, SBH1 has sustained damages and will continue to sustain damages, including without limitation, treble damages, costs, and attorneys' fees. To the extent that Chapter 93A allows for punitive damages, SBH1 is entitled to punitive damages in an amount to be determined at trial.

## COUNT IV
## VEIL PIERCING

56. SBH1 incorporates herein the foregoing allegations as if fully set forward herein.

57. SBH1 is entitled to pierce the veil of Off-Beat.

58. In connection with the claims set forth in this Complaint, Clark at all times completely dominated and has been in total control of Off-Beat such that Off-Beat has been a mere alter ego of Clark.

59. There has been such a unity of ownership and interest between Clark and Off-Beat that the reality of Off-Beat existing as a separate corporate entity has ceased to exist and should be disregarded.

60. The broader equitable principle of the doctrine of corporate entity, recognized generally and for most purposes, will not be regarded, when to do so would perpetuate fraud or injustice.

61. Off-Beat is being used to defeat justice, perpetuate fraud and evade contractual obligations.

62. This is not the first time Off-Beat has been sued for the exact same scheme—even in this very Court. See Wabii Branding, Inc. v. Off-Beat Records, Inc., 3:22-cv-30024-MGM.

63. SBH1 has been damaged by the abuse of the privilege of corporate entity, and it is entitled thereby to damages and other relief deemed just and proper against Clark, personally.

## COUNT V
## MONEY HAD AND RECEIVED

64. SBH1 incorporates herein the foregoing allegations as if fully set forward herein.

65. SBH1 paid Off-Beat $138,337.50 expecting to receive 2,635 Seaich bicycles.

66. Off-Beat never provided any Seaich bicycles to SBH1 and never returned any money to SBH1, despite demands for a refund.

67. In the interests of justice, Off-Beat should not be able to retain the money they received from SBH1. Instead, the money they received from SBH1 should be returned.

## COUNT VI
## BREACH OF CONTRACT

68. SBH1 incorporates herein the foregoing allegations as if fully set forward herein.

69. The Uniform Commercial Code Article 2 applies to the instant action. See Mass. G. L. c. 106, Article 2 ("UCC").

70. Under the UCC, the Purchase Order is a contract.

71. The Purchase Order was for "goods" as that term is defined in the UCC.

72. Off-Beat breached the contract.

73. SBH1 has suffered damages contemplated by the UCC, which include without limitation, incidental and consequential damages for which Off-Beat is liable.

## COUNT VII
## QUANTUM MERUIT

74. SBH1 incorporates herein the foregoing allegations as if fully set forward herein.

75. SBH1 conferred a measurable benefit upon Off-Beat.

76. SBH1 expected in return compensation in the form of goods.

77. Off-Beat accepted the benefit with the knowledge of SBH1's reasonable expectation.

78. SBH1 is entitled to recovery of the amounts by which Off-Beat benefited and has otherwise been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, SBH1 demands judgment in excess of $1 million or as to be determined at trial, and in its favor as to all Claims, including without limitation, damages available under the Uniform Commercial Code Article 2, punitive damages, consequential damages, treble damages, attorneys' fees, costs of suit, interest, veil piercing and such other and further relief as the Court may deem just and equitable.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

SBH1, LLC,
By Their Attorneys,

Dated: December 20, 2024.

*/s/ Alexis Smith Hamdan*
Alexis Smith Hamdan, Esq.
BBO # 557783
Gilbert J. Schipani, Esq.
BBO # 675566
Tempus Fugit Law LLC
185 Devonshire Street, Suite 201
Boston, MA 02110
alexis@tflawllc.com
gil@tflawllc.com